William D. HAMMONS, et al., Plaintiffs,

Jerome Alexander Durning and William D. Hammons, III, Plaintiffs-Appellants,

v.

Oscar ADAMS, et al., Defendants-Appellees.

No. 84–3628.

United States Court of Appeals, Fifth Circuit.

April 11, 1986.

J. Arthur Smith, III, Baton Rouge, La., plaintiffs-appellants.

Joseph W. Moreland, Blake & Uhlig, Kansas City, Kan., for Int'l. Bros.

Louis L. Robein, Jr., Gardner, Robein & Healey, Metairie, La., for Boilermakers Local # 582.

Before RUBIN, RANDALL and WILLIAMS, Circuit Judges.

ON PETITION FOR REHEARING

(Opinion February 26, 1986, 5th Cir.1986, 783 F.2d 597)

PER CURIAM:

Appellants' petition for rehearing is granted so that we may address two assignments of error, raised in the opening briefs, that may recur on retrial.

The district court did not abuse its discretion in severing the claims of Hammons from those of Hammons III and Durning for separate trials. The alleged incidents of discrimination against Hammons were separate from those against Hammons III and Durning; so were the pretexts for the incidents and the union remedies pursued. The claims were connected only by the plaintiffs' assertion that Adams was motivated by hostility toward them as a family, a point that could as easily be shown at separate trials. The district court decided that the substantial overlap in characters and events between these distinct claims presented the possibility of juror confusion, and the appellants have not brought to our attention any serious adverse consequences that resulted from the court's decision.

Appellants also challenge the exclusion of Robert Douglas' testimony. Douglas would have testified that, in 1983, Adams suggested that Douglas hire, then fire, Hammons III and Durning, so that they would lose their unemployment compensation. The trial court excluded his testimony because the conversation took place three years after the events that formed the basis for this lawsuit. By that time, Adams' animosity might have been caused by the suit itself, no longer reflecting his state of mind when the discriminatory job referrals allegedly took place. The district court excluded the testimony under Fed.R. Evid. 403 because its prejudicial force would likely outweigh its probative value. On the record before us, we cannot say that the court abused its discretion.

Douglas would also have testified to Adams' ill-will toward the plaintiffs during a conversation in 1979 or 1980. The trial judge excluded this testimony as well, without stating any different reason. Should the issue arise on retrial, the court should evaluate the admissibility of this testimony.

Our decision today, on this record, does not require the district court to reach the same conclusions when the case is again tried. The district judge remains free to exercise his discretion as these issues arise.