UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30160
Summary Calendar
_____

FRANK W. RODGERS, MARY BETH O'BRIEN, AUGUSTUS MARKRIS,

Plaintiffs-Appellants,

VERSUS

INTERNATIONAL ORGANIZATION OF
MASTERS, MATES AND PILOTS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA-94-3592-D-5)
_____

(July 11, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Frank Rodgers, Mary Beth O'Brien, and Augustus Markris, members of the International Organization of Masters, Mates and Pilots (MM&P), initiated this action against the MM&P and its officials, claiming violations of the MM&P rules and procedures regarding membership rights and privileges. The district court dismissed the action, because the three members failed to exhaust

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

internal, organizational procedures for the resolution of their complaints.  We **AFFIRM**.

## I.

The three members contend that after they paid the MM&P's initiation fee and received full membership, the organization demanded an additional payment.  As a result of their failure to pay the additional fee, the organization classified them in a less desirable shipping status.  Claiming that the action of the MM&P violated their rights and privileges of union membership, the three members initiated this action.  Pursuant to FED R. CIV. P. 12(b)(1), the district court dismissed this action for lack of jurisdiction, because the three members failed to exhaust the internal organizational procedures for dispute resolution as required by § 101(a)(4) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(4).

## II.

> Because the establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation, ... it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Furthermore, we review only for clear error a district court's factual findings on the issue of subject matter jurisdiction. *E.g.*, *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981).

The LMRDA provides, in pertinent part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, ...: *Provided*, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof ....

29 U.S.C. § 411(a)(4).[2]  This subsection "does not establish a jurisdictional bar or absolute waiver to judicial review, but preserves the discretionary exhaustion doctrine which allowed pre-LMRDA courts to determine whether pursuit of internal remedies should be required in a given case." ***Fulton Lodge No. 2 of the Int'l Ass'n of Machinists & Aerospace Workers v. Nix***, 415 F.2d 212, 216 (5th Cir. 1969).  Thus, the district court's decision on whether a union member must exhaust his internal remedies is reviewed for an abuse of discretion.

The three members contend that the MM&P constitution fails to provide any guidelines or appellate procedures for pursuing a grievance.  Additionally, O'Brien and Markris contend that their grievances were initiated more than four months before initiating this action.[3]

No party challenges the district court's finding that the MM&P constitution fails to set forth the internal procedures available

---

[2]    The MM&P constitution contains language similar to that in the LMDRA.

[3]    As for Rodgers, the declaration is made that he was at sea at the time the MM&P filed its motion to dismiss, and that his attorney was unable to obtain an affidavit in a timely manner.

to aggrieved members.  The three members maintain, however, that the vagueness or uncertainty of the constitution alone negates any obligation they have to exhaust the internal organizational remedies.  In support, they rely upon **Hammons v. Adams**, 783 F.2d 597 (5th Cir.), **reh'g granted**, 786 F.2d 1253 (5th Cir. 1986).  As in the instant case, the constitution in **Hammons** failed to provide clear grievance procedures.  But, this fact alone did not mandate reversal of the dismissal.  In **Hammons**, our court declared that

> [i]f a grievant inquires in good faith about what grievance resolution procedures are available, it is the union's duty to inform him of those procedures.  Where the remedies are vague or uncertain ... and where the union has not made them known and available to the grievant, the union cannot protest that he has failed to exhaust its internal remedies.

*Id.* at 604.

The district court found that, notwithstanding the failure of the MM&P constitution to set forth the grievance procedures, the three members were made aware of the procedures by a letter from MM&P's counsel. But, this letter (dated November 9, 1994) was sent the day after this action was commenced (November 8, 1994).  In any event, the members fail to demonstrate an inquiry on their part regarding the grievance procedures.  Thus, **Hammons** is not applicable.  The district court recognized that the members "could have inquired into the necessary procedures".

Alternatively, the three members contend that they had previously initiated grievances, and that, when they commenced this action, the grievances had lasted in excess of the statutory four

month period.[4]  In support of this contention, O'Brien presented union correspondence.  Apparently, a question arose in February 1989 regarding her status.  But, there is no indication that she initiated grievance procedures when her status was allegedly changed.  With respect to Markris, the only offer he made regarding the filing of a grievance was an affidavit wherein he states that he had a conversation with the Gulf Coast assistant to the president of the MM&P regarding his status.  The district court concluded that these communications were not an exhaustion of internal procedures, but rather were the underlying facts giving rise to the alleged violation of which the three members complain.[5] In light of the above, this finding is not clearly erroneous.[6]

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[4]    As noted *supra*, Rodgers failed to submit any evidence to the district court regarding this issue.

[5]    We are advised by MM&P that, after the district court's entry of dismissal, the three members filed a grievance with MM&P, and that it is scheduled to be heard at a meeting of the MM&P General Executive Board scheduled for June 9, 1995.

[6]    In their reply briefs, the three members contend that, independant of § 411(a)(4), the district court had jurisdiction based on diversity of citizenship.  As is well established, we will not consider issues either raised for the first time on appeal or first raised in a reply brief.