**Daniel JOHNSON, Plaintiff-Appellant,**

v.

**Neal PFEIFFER, et al.,
Defendants-Appellees.**

No. 86–1438
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1987.

---

**48.** *See Clark v. Williams,* 693 F.2d 381, 382 (5th    Cir.1982) (per curiam).

Daniel Johnson, pro se.

Rowena Mira Young, Jim Mattox, Attys. Gen., Austin, Tex., for defendants-appellees.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Alleging that the state parole board applies unconstitutional criteria in making parole determinations, a Texas inmate seeking class action certification and declaratory relief appeals from an order of the district court dismissing his complaint for failure to state a claim upon which relief can be granted and for failure to exhaust state remedies.

## I.

Daniel Johnson, an inmate of the Texas Department of Corrections (TDC) in Huntsville, Texas, proceeding pro se, filed this 42 U.S.C. § 1983 action against the State of Texas and several members of the Texas Board of Pardons and Paroles, contending that certain customs, policies, and practices the defendants use to make parole decisions violate prisoners' rights under the first, eighth, ninth, and fourteenth amendments of the United States Constitution. Specifically, he contends that the defendants retaliate against inmates who, like himself, file civil rights actions against TDC employees by inflicting upon them harsher treatment in parole consideration than is given other similarly situated TDC inmates. He also asserts that the defendants invidiously discriminate against prisoners who are not Texas residents—and, therefore, not eligible for furloughs—by considering the prior award of furloughs as a factor favoring parole. This practice, he contends, denies nonresident inmates their constitutional rights to equal protection and equal privileges and immunities. Finally, Johnson contends that the defendants improperly utilize ill-founded and, often, vindictive protest letters from state judges, prosecutors, and law enforcement officials who participated in prisoners' original arrests, trial and convictions when making parole determinations. He, therefore, seeks class certification, appointment of counsel, and a judgment declaring the defendants' actions unconstitutional.

Adopting the recommendations of the United States magistrate, the district court construed Johnson's challenge to the Parole Board's use of furloughs as a factor favoring parole to be an attack on the policy of excluding nonresident inmates from furlough eligibility. Because under Texas law [1] the Texas Department of Corrections, not the Parole Board, has sole authority to grant or deny furloughs and because the Department of Corrections was not named party to Johnson's suit, Johnson's challenge to the use of furloughs as a parole criterion was dismissed for failure to state a claim upon which relief could be granted. Noting that eligibility for discretionary parole does not create a liberty interest entitled to protection under the due process clause,[2] the district court also dismissed Johnson's claim concerning protest letters from state officials and allegedly false information in TDC files for the same reason. Finally, the court dismissed Johnson's claims regarding systemic Parole Board retaliation against prisoner "writ-

---

1. Tex.Rev.Civ.Stat.Ann. art. 684 (Vernon 1979).

2. *Thomas v. Torres,* 717 F.2d 248 (5th Cir.1983), *cert. denied,* 465 U.S. 1010, 104 S.Ct. 1008, 79 L.Ed.2d 239 (1984).

writers" on the ground that it was, in reality, an attack on the fact that Johnson was denied parole and, as such, must be pursued through habeas corpus with the attendant requirement of exhaustion of state remedies.[3] Finding that the district court misconstrued Johnson's complaint, we reverse.

## II.

■ A *pro se* complaint must be held to less rigorous standards than pleadings prepared by lawyers and can be dismissed for failure to state a claim only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[4] Johnson's complaint passes this muster. Although his particular challenge to the use of furloughs as a parole criterion might be understood on its face to complain about nonresident inmates' ineligibility for such privileges, it can be construed at least as easily to attack only the fact that Parole Board consideration of furloughs provides resident inmates an unfair advantage in parole consideration. The fact that Johnson did not intend to challenge denial of furloughs to nonresidents per se is made clearer by his refusal to make the Texas Department of Corrections a party in this suit and by his able explanation to the lower court of his failure to do so. Johnson there stated that he was challenging only the Parole Board's use of furloughs as a criterion for making parole determinations.

Johnson's challenge to the use of furloughs as a parole criterion also is not defeated by the fact that prisoners do not have a constitutionally protected liberty interest in discretionary parole. Johnson does not claim that the procedure has denied him life, liberty, or property without due process. He contends that the Parole Board's procedure denies inmates like him equal protection and the privileges and immunities that it grants its own residents. Although the fourteenth amendment assures due process only if the state deprives a person of life, liberty, or property, it assures equal protection against all kinds of invidious state action, even those discriminations that do not encroach on liberty or property.[5] If Johnson can prove his allegations, he may be entitled to the declaratory relief he seeks.

■ Similarly, Johnson's claim concerning Parole Board reliance on unreliable, malicious or irrelevant protest letters and false information in TDC files is not based on the existence of an entitlement to parole release. It appears instead to be based primarily on an ill-defined equal protection argument advanced in behalf of all prisoners for whom "discretionary" use of protest letters in parole determinations in fact represented invidious discrimination. Superimposed over this claim appears to be both a more narrowly defined claim that writ writers are among the groups of inmates denied equal protection in this manner and a related due process claim contending that use of such letters infringes on writ writers' freedom of speech without due process.

In an effort to support the district court's judgment regarding the Parole Board's "discretionary" use of protest letters on grounds not stated by that court, the defendants suggest that Johnson has failed to allege sufficient facts to state a claim. Noting that the fourteenth amendment guarantees "equal laws, not equal results,"[6] they argue that a rule permitting such discretion, if applied evenly, presents no constitutional problem. We agree, but note that Johnson's allegations do raise suggestions of invidious, group-based discrimination and infringement of

---

3. *Citing Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

4. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). *See also Woodall v. Foti*, 648 F.2d 268, 271–72 (5th Cir. Unit A 1981); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1980).

5. *Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 132–33 (5th Cir.1986).

6. *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).

fundamental rights. Moreover, our review of the record does not suggest that Johnson has been previously made aware of these shortcomings in his complaint. Because those shortcomings did not form the basis of the district court's decision, and because we cannot state with certainty that Johnson could state no set of facts relevant to the Parole Board's discretionary use of protest letters sufficient to state an equal protection or due process claim were he permitted to amend,[7] dismissal of this claim was premature. On remand, therefore, Johnson should be provided an opportunity to clarify the legal and factual basis of his protest letter claim. We intimate, of course, no opinion concerning the possibility of his stating a claim for which relief might be granted, or, if he does, the merits of that claim.

■ The district court's determination that Johnson's claims are really attacks on denial of his own parole pursuable only under habeas corpus must also be reversed. The fact that a § 1983 challenge to parole procedures and rules may have some indirect impact on the determination of whether one or more claimants eventually receive parole does not, alone, determine whether a prisoner's § 1983 claim must be pursued initially through habeas corpus. In a companion case to the present action, *Serio v. Members of Louisiana State Board of Pardons,*[8] we reviewed relevant Supreme Court and circuit court precedent and summarized the framework of analysis this court generally has applied to prisoners' § 1983 claims that, while challenging rules, procedures, and customs that constitute "conditions of confinement," also affect indirectly the "fact or duration" of their confinement.[9] Under the guidelines

set forth in *Serio,* prisoners who challenge either (1) the constitutionality of the state court conviction or sentence underlying their confinement[10] or (2) a single allegedly defective hearing affecting eligibility for, or entitlement to, accelerated release[11] must pursue their claims initially through habeas corpus. Moreover, even broadbased challenges to the rules and procedures used by parole boards or disciplinary officials to make decisions that may affect prisoners' dates of release must be pursued in habeas corpus if resolution of the factual and legal allegations necessary to resolve the § 1983 claims would automatically entitle one or more plaintiffs to accelerated release.[12]

■ Applying these guidelines to the present case, we conclude that Johnson's § 1983 suit was improperly dismissed. Johnson does not challenge the constitutionality of either his conviction or the convictions of any member of his proposed classes, nor does he attack the outcome of a single allegedly defective hearing. In fact, at the time he filed his original complaint, Johnson had not yet become eligible for parole consideration. The fact that he subsequently became eligible and was denied release does not transform his allegations into an attack on the ultimate validity of any particular Parole Board decision, including his own. Victory on his § 1983 claims would not entitle any member of Johnson's proposed classes to automatic release. At most, the consequences of his suit would be a requirement that the Parole Board refrain from using unconstitutional customs, rules, and procedures when making parole decisions. The ultimate determination of whether any Texas inmate,

7. *See Lynch v. Cannatella,* 810 F.2d 1363, 1376–77 (5th Cir.1987); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1193 (5th Cir.1985).

8. 821 F.2d 1112 (5th Cir.1987).

9. *Id.* 821 F.2d at 1116; *see also Preiser v. Rodriguez,* 411 U.S. at 494, 498–99, 93 S.Ct. at 1838, 1840–41; *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974).

10. *See Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir.1976), *adhered to en banc,* 550 F.2d 342

(1977); *Meadows v. Evans,* 529 F.2d 385, 386 (5th Cir.1976), *adhered to en banc,* 550 F.2d 345 (1977), *cert. denied,* 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977).

11. *See Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983); *Keenan v. Bennett,* 613 F.2d 127, 128–29 (5th Cir.1980); *Johnson v. Hardy,* 601 F.2d 172 (5th Cir.1979).

12. *Serio,* 821 F.2d at 1112.

including Johnson, should be paroled would remain in the sound discretion of the Parole Board.

For the reasons stated above, we REVERSE the order of the district court dismissing Johnson's claims and REMAND the case to the district court with instructions to allow the plaintiff an opportunity to amend his complaint and for further proceedings consistent with this opinion.