**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

NO. 93-8607

---

JOHN LEE COOK, SR.,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
TRANSITIONAL PLANNING DEPARTMENT,
Southern Region Institutional Division, ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

( October 21, 1994 )

Before REAVLEY, DeMOSS, and STEWART, Circuit Judges.

DeMOSS, Circuit Judge:

John Lee Cook challenges as unconstitutional a parole board procedure that allowed the board to take voided prior convictions into consideration when making eligibility determinations. The issue presented is whether such a claim is cognizable under 28 U.S.C. § 1983 or must instead be brought, after exhausting state remedies, as a habeas corpus claim under 28 U.S.C. § 2254.

BACKGROUND

Cook was convicted of burglary in 1964. In 1982, Cook was convicted of indecency with a child, and received twenty years,

which included a ten-year enhancement for the 1964 conviction.  In 1987, this Court voided Cook's 1964 conviction because Cook was indigent and without counsel at his probation revocation hearing in 1964.  Cook v. Lynaugh, 821 F.2d 1072 (5th Cir. 1987).  The Court also reversed Cook's 1982 conviction, holding that Cook's counsel was constitutionally ineffective for failing to investigate the validity of the 1964 sentence.  Id. at 1079.  Cook later entered a nolo plea on the indecency charge (under the same indictment) in return for time served on the 1982 conviction.  Cook contends he did so because the prosecutor threatened to re-try him, thereby keeping the case tied up in court and Cook in jail.

In February 1993, Cook was again convicted, this time for possession of a controlled substance.  He was sentenced to Texas Department of Criminal Justice for five years.  Cook neither appealed the conviction nor petitioned for habeas corpus relief.  In April 1993, the Texas Board of Pardons and Paroles (the Board) evaluated Cook for parole eligibility.  The Board denied parole based on Cook's (1) criminal behavior pattern, (2) involvement with a controlled substance or inhalant, (3) multiple-offender status, and (4) parole violation on a previous sentence.  Cook acknowledges that his involvement with a controlled substance is a legitimate consideration for the Board in deciding his eligibility for parole.  Cook argues, however, that the parole board violated his constitutional rights by considering the other three factors, which were based on convictions held void by decision of this court.

2

Cook filed a complaint pursuant to 42 U.S.C. § 1983. Defendants, Midland County, Texas and Sheriff Gary Painter treated Cook's pleading as a civil rights complaint and filed an answer. In their answer, they contend Cook failed to sufficiently allege claims against them. The district court did not address this contention. The State, treating the case as a writ of habeas corpus, moved to dismiss for failure to exhaust state remedies. The district court, adopting the Report and Recommendation of the Magistrate, held that Cook's challenge to the parole board procedure raised both § 1983 and habeas corpus claims because Cook challenged both the procedure under which his parole hearing was conducted and the result of his single parole hearing. The district court's holding was based on the well-settled rule that when a prisoner challenges a single allegedly defective hearing affecting eligibility for, or entitlement to, accelerated release, he must pursue those claims initially through habeas corpus. Johnson v. Pfeiffer, 821 F.2d 1120, 1123 (5th Cir. 1987). The court reasoned that Cook's claim for injunctive relief, which essentially is an attack on the propriety of a single allegedly defective hearing may not be asserted until habeas corpus remedies have been exhausted. Accordingly, the district court dismissed Cook's habeas claims for failure to exhaust state remedies; dismissed the § 1983 claims without prejudice; and conditionally stayed the statute of limitations, provided Cook sought habeas corpus relief in the state court within ninety days. We now reverse.

DISCUSSION

The line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one.  A section 1983 action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. Richardson v. Fleming, 651 F.2d 366, 372 (5th Cir. 1981).  On the other hand, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. Preiser v. Rodriquez, 411 U.S. 475, 484 (1973).  The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement.  Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987).

Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. Johnson, 821 F.2d at 1123; Preiser, 411 U.S. at 498.  However, when a prisoner challenges the result of a single defective parole hearing that claim must be pursued by writ of habeas corpus. See Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Additionally, broad-based challenges to the parole board's rules and procedures that affect a prisoner's release must also be pursued in habeas corpus, if resolution of the factual and legal allegations would automatically entitle the plaintiff to accelerated release.  Johnson, 821 F.2d at 1123.  In considering whether a broad-based claim has such an effect, a distinction must

4

be made between claims that would **merely enhance** eligibility for accelerated release and those that would **create entitlement** to such relief. Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987). A claim that has an **indirect** impact on the determination of whether a claimant eventually receives parole may still be cognizable under § 1983. Johnson, 821 F.2d at 1123.

The district court was of the opinion that Cook sought a "mixed bag" of relief, which involved both § 1983 and § 2254, because Cook challenged both the procedure under which his parole hearing was conducted and the result of that hearing. When claims can be separated, it is generally not proper to dismiss an entire complaint on non-exhaustion grounds merely because the complaint raises both habeas and § 1983 claims. The district court, however, felt that Cook's § 1983 and habeas claims were "inextricably intertwined." Therefore, the district court dismissed Cook's entire complaint.

We hold that Cook's challenge to the parole board procedure is cognizable under § 1983, and that dismissal was therefore improper. Cook is not challenging the fact of his conviction or confinement, but is merely seeking to avoid what he believes is an unconstitutional procedure by the Board. Further, Cook does not ask this Court to order a new parole hearing, but instead seeks injunctive relief to prevent the Board from considering the voided

prior convictions in future parole hearings.[1]  Thus, Cook is not challenging a "single defective hearing."

Likewise, our decision in Cook's favor does not entitle him to immediate release.  Granting Cook the relief he seeks will merely prohibit the Board from considering his voided prior convictions in future parole hearings.  The Board is still charged with determining if and when Cook is released on parole, which will be governed, as was the initial decision, by factors in addition to these raised in this appeal.  We follow our sister circuit in holding that a prisoner's challenge to parole board consideration of voided prior convictions is cognizable under § 1983, when the prisoner does not challenge the result of the hearing or request a new hearing at a specified time.  Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978).

We therefore REVERSE the district court's order dismissing Cook's complaint and REMAND the case to the district court.  On

---

[1]The district court found that Cook had requested a rehearing by the parole board.  We have searched the record and the briefs on appeal.  Although there are two isolated phrases in Cook's trial pleadings that could be interpreted as a request for a new parole hearing, the phrases are not without ambiguity.  We are bound to interpret pro se pleadings liberally.  Read in context, we do not agree that Cook definitively requested a new parole hearing.  Cook repeatedly states, both in his Complaint and in his briefs on appeal, that he realizes he is not entitled to a new parole hearing and that he is merely seeking to avoid the taint of his voided prior convictions in any future hearings.  [See Complaint (plaintiff "requests that the Court issue a prospective injunction against the State Parole Board, and Midland County to prevent the use of the two void prior convictions in any judicial proceeding that may affect the plaintiff unfavorably"); Appellant's Brief (appellant "knows that he cannot obtain [a] new parole hearing"); Notice of Appeal (claiming he does not seek a new parole hearing at a definite time but instead seeks injunctive relief prohibiting consideration of his prior void convictions in future hearings).

remand, the court should order entry of injunctive relief prohibiting the Board, in future parole proceedings, from considering Cook's two prior convictions held void in <u>Cook v. Lynaugh</u>, 821 F.2d 1072 (5th Cir. 1987).[2] Additionally, we conclude from the district court's order that it also dismissed Cook's separate § 1983 claims against Midland County, Texas and Sheriff Gary Painter, which related to access to legal materials. Such claims are clearly cognizable under § 1983. On remand, the claims against Midland County, Texas and Sheriff Gary Painter should be reinstated and considered by the district court.

---

[2]We note that enjoining the board from considering the two voided prior convictions will not make Cook a first time offender. Cook's second conviction on the indecency charge, which was based on Cook's nolo plea, has not been declared void. Although Cook alleges this conviction was based on the same "fatally defective indictment" as the first indecency conviction, Cook has not asked this court to declare the conviction void. Such a claim by Cook would have to be brought as a habeas corpus claim under 28 U.S.C. § 2254 (1994).

No. 93-8607, *John Lee Cook, Sr. v. Texas Department of Criminal Justice Transitional Planning Department, Southern Regional Institutional Division, et al.*

REAVLEY, Circuit Judge, dissenting:

Cook only seeks a declaration or injunction against utilization of a void conviction in any future parole hearing. He seeks no damages or change in his custody. He has acted pro se as his own attorney. If the Texas authorities have notice of the voiding of the 1964 conviction and will not use the conviction itself against him in future hearings, and no reason appears to expect them to do otherwise, I fail to see the controversy. Cook would have what he wants, and this lawsuit should end.