**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-10688
Summary Calendar
_____


PAUL EDWARD NEAL,

Plaintiff-Appellant,

VERSUS

S.D. WILLIAMS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(CR-H-92-92-2)

_____


October 29, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


Paul Neal appeals the dismissal, as frivolous under 28 U.S.C. § 1915(d), of his pro se prisoner's civil rights suit brought pursuant to 42 U.S.C. § 1983. We affirm in part and vacate and remand in part.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In the suit, Neal raised numerous complaints regarding his employment in a shoe factory operated at TDCJ Clements Unit.[1] He named numerous defendants, including the factory manager and the unit warden. In addition to monetary damages, he sought injunctive and other prospective relief. The parties consented to proceed before the magistrate judge, who conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 2179 (5th Cir. 1985), then dismissed the suit as frivolous under § 1915(d),[2] concluding that none of Neal's claims had merit.

II.

Neal argues that the dismissal was in error because the magistrate judge misconstrued some of his claims and failed to address others. An *in forma pauperis* complaint that lacks an arguable basis in law or fact may be dismissed as frivolous pursuant to § 1915(d). *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). We review a § 1915(d) dismissal for abuse of discretion. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

---

[1] Although Richard McCoy also was listed as a plaintiff and signed the complaint, the magistrate judge determined that McCoy was not a plaintiff when the case was opened and denied a subsequent motion by Neal to consolidate his complaint with a similar one filed by McCoy. The magistrate judge's action is questioned by Neal as an issue on appeal, and we address it below.

[2] Section 804 of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), redesignated § 1915(d) as § 1915(e)(2)(B)(i).

## A.

Neal argues that he is in fear of violence and becoming a victim of robberies and burglaries because of the shoe factory's requirement that inmates work overtime. He argues that, because inmates must work overtime if the shoe factory's "quotas" are not met, some "inmates resort to violence in order to try to convince others to stop working." He raises a similar claim with regard to the fact that he is not paid for his work, asserting that because the inmates are not paid, they are forced to steal from each other.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, ___, 114 S. Ct. 1970, 1976 (1994). But not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." 114 S. Ct. at 1977. To prove an Eighth Amendment violation, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and the prison official's state of mind must be one of "deliberate indifference" to the inmate's health or safety. *Id.* A prison official is deliberately indifferent if he is "aware of facts from which the inference could be drawn that a substantial risk of harm exists" and draws that inference. *Id.* at 1979.

In his complaint, Neal outlined the "threatening situation" caused by the administration's overtime and refusal-to-pay

3

policies.  He also made a general statement, at the end of his complaint, that "[w]ith respect to the above claims it is alleged that all defendants . . . knew or should have known that their actions would serve to violate the rights and protections of Plaintiff under law."

At the *Spears* hearing, McCoy testified that the defendants were creating a "dangerous and threatening situation by working us on weekends or working us overtime."  McCoy averred that he had, as witnesses, "a couple of guys that got in a[n] altercation and others that have been threatened."  *Id.*  The magistrate judge asked McCoy why the inmates would be threatened, and McCoy replied:

> Well, if the[y] make a[n] announcement in the shoe factory on Friday that they are going to be required to work Saturday or the[y] will receive disciplinary if they don't, then a lot of guys really resent that and they get in little groups and . . . .  They try to get and convince other guys to go with them, because they know if they need a lot of unity in order to make an impact, to make an impression.  So, the guys that don't want to go along with the group naturally are threatened or they catch them later over in the . . . housing area, or . . . out by the shoe factory dumpster area or something like that.  The[y] do a number on them so they will . . . stay . . . with the inmates.

Neal has failed to present facts to suggest that the defendants either knew, or had reason to know, that the overtime and no-pay policies created a substantial risk to his safety.  Other than the unsupported assertions that the defendants' policies caused a threat of violence, Neal presented nothing to suggest that the defendants were aware of facts from which the inference of

4

potential harm could be drawn, or that they drew such an inference.

Moreover, assuming that plaintiff McCoy's *Spears* testimony can be considered for the purposes of Neal's appeal, nothing in the testimony indicates that the defendants were deliberately indifferent to inmate safety. McCoy's testimony suggests that any assault on an inmate for his failure to "strike" was made outside the presence of the defendants. Thus, there is no indication that the defendants knew or had reason to know that the overtime policy created a "threatening situation." Moreover, the connection between any threat of violence Neal might experience because inmates steal from one another and the fact that inmates are not paid for their labor is too attenuated to suggest deliberate indifference.

### B.

Neal also argues that the magistrate judge failed to address his assertion that solitary confinement is excessive punishment for refusing to work. Neal does not, however, argue that he has refused to work or been given solitary confinement. Neal does not have standing to raise this claim.

### C.

Neal argues that the magistrate judge misconstrued his claim that the conditions at the shoe factory violated OSHA safety

5

regulations, because the thrust of "the complaint was based upon a violation of protections from cruel and unusual punishment." He argues that the magistrate judge's rejection of his claim based on a determination that OSHA did not create a private right of action "misses the mark completely."

The Eighth Amendment prohibits the imposition of prison conditions that constitute "cruel and unusual punishment." *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (citations omitted), i.e., the "wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment, *id.* Neal's allegations challenging the conditions of confinement are subject to the "deliberate in-difference" standard. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Thus, he must establish that the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at ___, 114 S. Ct. at 1984.

Neal testified that he gets headaches every day that he works at the factory; McCoy testified that polyvinyl chloride ("PVC"), a compound used at the factory, is a known carcinogen. The safety officer at the factory testified that the PVC compound "has been reported to cause cancer in laboratory animals if they are given it orally, if they eat it[,]" but argued that such was "the only way that you are going to be injured by this material." The safety

6

officer further testified that, although the effects of over-exposure to PVC vapors can be mildly irritating to some persons, the problem was controlled by proper ventilation at the factory. The officer admitted, however, there was a time when the factory had problems with ventilation because the "Desmas" was producing excess smoke. Regarding such, McCoy testified that he remembered the "Desmas" "blowing-up" seven times in one day.

Although the magistrate judge indicated that the plaintiffs' allegations might require an answer by the defendants, he dismissed the complaint without addressing the Eighth Amendment claim. Neal's exposure to the conditions arguably poses an unreasonable risk of serious damage to his health, and Neal alleged facts that could establish deliberate indifference. *See Farmer*, 511 U.S. at ___, 114 S. Ct. at 1984; *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993) (exposure to environmental tobacco smoke).

Because Neal's claim was not factually or legally frivolous, we vacate and remand for further factual development. We emphasize, however, that we express no opinion as to what ultimate decision the court should make; we only require further factual inquiry, after which the magistrate judge can decide whether there was deliberate indifference to any condition that existed.

D.

Neal argues that the magistrate judge failed to address his

7

claim that shoe factory workers were discriminated against because they must work overtime while other inmates do not. Shoe factory workers apparently must work overtime if they do not make "quota"; otherwise, they work a regular five-day week.[3] The *Spears* testimony was imprecise as to whether all other prison work groups had similar quota requirements.

The equal protection clause of the Fourteenth Amendment essentially is a mandate that all persons similarly situated must be treated alike. *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Equal protection is assured against all kinds of invidious state action, even those discriminations that do not encroach on liberty or property. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987). In *Johnson*, the plaintiff claimed that prison writ writers were denied equal protection because they were given harsher treatment in parole consideration than was given to other similarly situated TDCJ inmates. *Id.* at 1121-22. We reversed the dismissal of the claim, noting that Johnson's allegations raised suggestions of invidious, group-based discrimination. *Id.* at 1122-23.

Similarly, Neal's allegation that the shoe factory workers are forced to work harder than other similarly situated workers because

---

[3] Neal also argues that the defendants' use of quotas is a violation of the decree in *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982). Violations of the *Ruiz* decree, without more, are not cognizable in a § 1983 cause of action. *Green v. McKaskle*, 788 F.2d 1116, 1122 (5th Cir. 1986). Thus, insofar as Neal raises this argument as a separate claim, it is without merit.

they must meet quota demands raises suggestions of invidious, group-based discrimination.  Nothing that is now in the record provides a rational basis for this allegedly differing treatment. *See Rolf*, 77 F.3d at 828 (holding that because neither a suspect class nor a fundamental right is involved, the "rational basis" standard of review is appropriate).  The magistrate judge erred by not addressing this claim.  Accordingly, we vacate and remand, again without suggesting what decision should be reached after factual development.

E.

Neal complains that the magistrate judge severed the complaint he had intended to file jointly with McCoy.  He argues that the magistrate judge further erred by refusing to "reconsolidate" the complaints.  He also contends that he intended his complaint to be a class action lawsuit.

The decision whether to sever or consolidate is within the magistrate judge's discretion.  *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1151 (5th Cir. 1992) (refusal to consolidate), *cert. denied*, 506 U.S. 1079 (1993); *Hammons v. Adams*, 786 F.2d 1253, 1253 (5th Cir. 1986) (severance). The magistrate judge's apparent rationale for severing the cases, and then denying Neal's motion to consolidate, was "because of security in the courtroom and the need for each Plaintiff to

9

represent himself." Such was not an abuse of discretion. Neal's assertion that he intended for his complaint to be a class action is frivolous, as he did not move for or otherwise request certification of a class.

With the exception of his Eighth Amendment and equal protection claims, none of Neal's claims has merit.[4] Accordingly, we AFFIRM the dismissal of those claims. *See Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (holding that court may affirm judgment on any basis supported by the record), cert. denied, 113 S. Ct. 1414 (1993). The dismissal of the Eighth Amendment and equal protection claims is VACATED and REMANDED.

---

[4] A dismissal pursuant to § 1915(d) may be made prior to service on the defendants. *See Boyd v. Biggers*, 31 F.3d 279, 281 (5th Cir. 1994). Thus, Neal's assertion that the magistrate judge erred by failing to serve the defendants is without merit.