IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40581
Conference Calendar

_____

WILLIAM STEED KELLEY,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-459
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:*

William Steed Kelley, Texas prisoner # 457296, seeks
permission to proceed *in forma pauperis* (IFP) on appeal of the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action.  The district court denied Kelley's motion for leave to
proceed *in forma pauperis* (IFP) on appeal because he is barred
from proceeding IFP on appeal by 28 U.S.C. § 1915(g).

Kelley argues that the district court erred in treating his
complaint as a § 1983 action and in applying the Prison

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Litigation Reform Act (PLRA) to his action.  Because Kelley is challenging the condition of his confinement in administrative segregation, the district court did not err in treating his complaint as a § 1983 action and in applying the PLRA to his action.  See Cook v. Texas Dep't of Criminal Justice Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)("Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.").

This court has previously determined that while incarcerated Kelley has had at least three actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.  See Kelley v. Johnson, No. 99-40404 (5th Cir. July 20, 1999).  Accordingly, Kelley may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury.  § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1997).  Kelley alleges that he being tortured and is currently suffering serious physical and emotional/psychological injuries due to his placement in administrative segregation.  However, Kelley has not alleged facts which indicate that he is in imminent danger of serious physical injury.  See § 1915(g).  Therefore, § 1915(g) applies to bar his appeal IFP, and his motion to appeal IFP is denied.  See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  This court has previously rejected the argument now raised by Kelley that the application of § 1915(g) has denied him access to the courts.  See Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997).

Kelley has 30 days from the date of this order to pay the full appellate filing fee of $105 to the clerk of the district court should be wish to reinstate his appeal.

Kelley's motion for leave to file a motion for en banc consideration in excess of the page limits and his motion for en banc consideration are DENIED.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR APPLIED; OTHER MOTIONS DENIED.