IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30310
Summary Calendar
_____

BILLY SINCLAIR,

Plaintiff-Appellant,

versus

KELLY WARD, RICHARD P. IEYOUB,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-688-A-M1
--------------------
December 27, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy Sinclair argues that the district court erred in
construing his habeas petition challenging the Louisiana State
Board of Paroles' denial of his application for parole release as
a 42 U.S.C. § 1983 complaint.  "Section 1983 is an appropriate
legal vehicle to attack unconstitutional parole procedures."
Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (internal
quotation and citation omitted).  A prisoner must pursue by a
writ of habeas corpus a challenge to the result of a specific

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defective parole hearing or a parole board's rules and procedures

that would automatically entitle him to accelerated release. Id.
A claim that has an indirect impact on whether a prisoner
eventually receives parole may still be cognizable under § 1983,
however. Id. The distinction is between claims that would
"merely enhance eligibility for accelerated release and those
that would create entitlement to such relief." Cook v. Texas
Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d
166, 168 (5th Cir. 1994) (citation omitted).

Sinclair is asserting a liberty interest in parole release
but is also challenging the parole board's procedure of relying
on incorrect criminal history erroneously contained in his parole
file. He is seeking to have the record corrected so that the
board will be aware of his correct offender status when
considering his future requests for parole release. If he is
successful in his claims, it would merely result in a new parole
hearing during which the correct information regarding offender
status would be considered. Because a successful resolution of
his claim may only enhance his eligibility for an enhanced
accelerated release, his pleadings were properly construed as a
§ 1983 complaint.

Sinclair has failed to show that he has a constitutionally
protected liberty interest under the Louisiana parole statutes or
other state statutes encouraging the rehabilitation of inmates.
Therefore, even assuming that the parole board has knowingly
relied upon incorrect information regarding Sinclair's criminal

history, he is not entitled to challenge the parole procedures employed under the Due Process Clause.  See Johnson v. Rodriquez, 110 F.3d 299 308-09 & n.13 (5th Cir. 1997).  Sinclair has failed to show that the district court erred in dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915A.

AFFIRMED.