IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20979
Summary Calendar
_____

ELIBERTO REYNA,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-00-CV-2543

_____

March 13, 2001

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eliberto Reyna, Texas prisoner # 322163, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2254. The district court construed Reyna's assertions that he was placed in administrative segregation without due process and that this placement resulted in his loss of the opportunity to earn good-time

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credits arose under 28 U.S.C. § 2254. Because Reyna's assertions that he was denied due process at his classification hearing would not necessarily win his release from custody and would not create an entitlement of early release, these claims should have been construed as arising under 42 U.S.C. § 1983. See Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987); Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(citation omitted). Further, losing the opportunity to earn good-time credits does not allege the violation of a constitutional right. See Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Also, because Reyna has failed to show that he was denied due process, he cannot succeed on this ground, and the district court's denial of relief is AFFIRMED. Because his claims are not based on habeas, his request for a COA is DENIED AS UNNECESSARY.

Reyna also contends that the district court erred in failing to consider his assertion that his placement in administrative segregation has placed him in fear and danger of violence from other prison gang members. The district court did not address the merits of this claim because it construed it as a conditions of confinement claim within a 28 U.S.C. § 2254 petition. Reyna's filing was in fact a complaint under 42 U.S.C. § 1983. However,

even if it had been a habeas petition, the district court should have addressed the merits of Reyna's civil rights claims. See Serio, 821 F.2d at 1119. Because the district court did not address the merits of Reyna's assertion that he has been placed in danger by his administrative segregation classification, the denial of relief is VACATED as to this ground alone and the case REMANDED for further proceedings. Reyna has failed to brief on appeal his other contentions that the conditions of the administrative segregation area of the prison are unduly harsh and restrictive, and they are therefore deemed abandoned on appeal. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Reyna's claims arise under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254, the district court should have assessed an initial partial filing fee under the Prison Litigation Reform Act (PLRA) when granting Reyna leave to proceed *in forma pauperis* (IFP) on appeal. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). Upon remand, the district court should make the appropriate assessment of filing fees.

COA DENIED AS UNNECESSARY; AFFIRMED in part; VACATED and REMANDED in part.