United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 03-50064
Summary Calendar

—————————

CHRIS GARNER,

Plaintiff-Appellant,

versus

BRIAN COLLIER, Director, Texas Board of Pardons and Paroles;
GERALD GARRETT, Chairman, Texas Board of Pardons and Paroles,

Defendants-Appellees.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
(A-02-CV-492-JN)

———————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Chris Garner, Texas prisoner # 716389, appeals, *pro se*, the dismissal of his 42 U.S.C. § 1983 complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. We review a Rule 12(b)(6) dismissal *de novo*. *E.g., **Cousin v. Small***, 325 F.3d 627, 631 (5th Cir. 2003).

Garner contends he was deprived of an opportunity to amend his complaint to state a claim. Garner has failed to identify

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

additional facts that could have been pleaded to state a civil rights claim, and he set forth his "best case" in the district court; thus, any error in not allowing amendment was harmless. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.), *cert. denied*, 525 U.S. 865 (1998).

Garner also contends the Rule 12(b)(6) dismissal was premature because there were ambiguities in the controlling substantive law that should have been resolved in his favor. *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166 (5th Cir. 1994), did not call into question the long-standing rule that Texas prisoners have no protected liberty interest in parole and, therefore, cannot challenge the constitutionality of review procedures attendant to parole decisions. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997).

As a Texas prisoner, Garner is precluded from complaining that the procedures used to determine his parole eligibility were unconstitutional. *See id.* at 308. Garner has therefore not stated a claim upon which relief can be granted.

*AFFIRMED*