United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50663
Conference Calendar

ROBERT DAMIAN JOYCE,

                                        Plaintiff-Appellant,

versus

TRAVIS COUNTY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-262
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

   Robert Joyce, Texas prisoner # 1078414, appeals from the district court's dismissal without prejudice of his civil rights complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2). Joyce alleged that the Travis County jail failed to provide notice of his rights under the Americans With Disabilities Act (ADA) on bulletin boards, in the handbook, and throughout the jail facility. Joyce argues that the district court erred in construing his complaint under 42 U.S.C. § 1983

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and in determining that he failed to state a claim for relief under the ADA.

A dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the de novo standard of review. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). The district court did not err in treating his complaint as a 42 U.S.C. § 1983 action because Joyce challenged the conditions of his confinement. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Further, the district court did not err in dismissing Joyce's complaint because he failed to establish the requirements for filing a cognizable claim under the ADA. See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997).

Because Joyce's appeal is without arguable merit, it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. This dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the district court's dismissal of Joyce's complaint for failure to state a claim. See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996). Joyce is warned that if he accumulates three strikes, he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under

imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.