# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-10159
Summary Calendar

MARVIN L BROWN

Plaintiff-Appellant

v.

TEXAS BOARD OF PARDONS & PAROLES; JOHN DOE, also known as
B JORDAN; JOHN DOE, also known as Gg; JOHN DOE, also known as Cs;
John Doe, or JOHN DOES, Parties to be Determined through Discovery; Bettina
JORDAN

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-104

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marvin L. Brown, formerly Texas state prisoner # 396429, filed a verified
42 U.S.C. § 1983 complaint, naming the Texas Board of Pardon and Paroles
(TBPP), "John Doe, aka B. Jordan," and other John Doe defendants. Brown
alleged that the TBPP wrongfully revoked his mandatory supervision in spite of
a hearing officer's finding that he was not guilty of a violation. He alleged that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants violated his constitutional rights and have a policy of indifference toward liberty interests. He not only challenged the decision to revoke his supervision, he alleged that the TBPP's electronic monitoring system is faulty and violated his constitutional rights. He contended that TBPP officials knowingly failed to implement a policy that would facilitate effective, error-free GPS monitoring. He sought monetary damages, declaratory relief, and injunctive relief.

Brown argues that the district court erred when it granted the FED. R. CIV. P. 12(b)(6) motion filed by the TBPP based on the determination that his claims were barred by the Eleventh Amendment. He argues that the district court erred by granting the Rule 12(b)(6) motion filed on behalf of Defendant Jordan and by dismissing his claims against the other individual defendants based on the determination that they were entitled to immunity with respect to all of his claims. Brown further argues that the district court abused its discretion by denying his motion for leave to amend his complaint and by denying his discovery requests. Brown, however, informs this court that his claims regarding his GPS monitoring are moot; he thus has voluntarily withdrawn his appeal as to "the issue of being on a GPS monitoring system, and that [he] was denied the opportunity to further [his] claim in the District Court" via an amended complaint.

The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S. Ct. 1230 (2008) and 128 S. Ct. 1231 (2008). Under Rule 12(b)(6), a plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

The TBPP "is cloaked with Eleventh Amendment immunity." McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). To the extent that Brown sought monetary damages against the TBPP, the district court did

not err by dismissing Brown's claims. In addition, to the extent that Brown sued Defendant Jordan and the other individual defendants regarding their decision to revoke his mandatory supervision, the district court did not err in its determination that the defendants were absolutely immune from suit. See Walter v. Torres, 917 F.2d 1379, 1380, 1383-84 (5th Cir. 1990).

Brown also sought injunctive relief; however, the district court erroneously concluded that his initial complaint did not seek such relief. See Dkt #1, record pp. 46-51 (attachment pp. 4G-4L). Claims for declaratory or injunctive relief challenging a state parole board's policies and procedures are cognizable in a § 1983 proceeding. See Wilkinson v. Dotson, 544 U.S. 74, 76-77, 81-85 (2005); Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't, 37 F.3d 166, 168-69 (5th Cir. 1994). Likewise, the district court did not consider Brown's claims against the individual defendants based on their alleged administrative conduct. See Walter, 917 F.2d at 1383. We express no opinion whether these allegations state a claim upon which relief could be granted.

We do not address Brown's argument challenging the district court's denial of his motion for leave to amend his complaint to add claims against Carlos Fierro concerning Brown's placement on the GPS system because Brown has voluntarily withdrawn any appeal of this issue. However, Brown also argues that the district court erred when it denied him leave to amend his complaint against the other individual defendants. The district court ruled based on its determination that the amendment would be futile because the individual defendants were absolutely immune from suit as to all of Brown's claims. As the district court did not address all of Brown's claims against the individual defendants, this determination, in part, may have been erroneous. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam). Finally, as the district court was considering claims of immunity, the district court did not abuse its discretion in determining that discovery could not proceed. See Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 382-83 (5th Cir. 1987).

Accordingly, the judgment dismissing Brown's claims for damages against the TBPP on the basis of Eleventh Amendment immunity is affirmed. The judgment dismissing Brown's claims against Jordan and the other individual defendants for their decision to revoke Brown's supervised release on grounds of immunity is affirmed. The judgment dismissing Brown's claims for injunctive relief is vacated. To the extent the judgment determined that absolute immunity barred Brown's allegations involving the defendants' administrative conduct, the judgment is vacated. The decision denying Brown's motion for leave to amend his complaint is vacated to the extent that the decision was based on the determination that any amendment would be futile as the defendants were absolutely immune from suit as to all of Brown's claims. The district court's judgment denying discovery is affirmed. The case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.