# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 09-10737
Summary Calendar

April 15, 2010

Lyle W. Cayce
Clerk

LUTHER WAYNE COBB, also known as Luther Wayne Ware,

Plaintiff - Appellant

v.

TIMOTHY SIMMONS, Senior Warden; JOE NUNN, Senior Warden; MARYANN LAMB, Librarian II; MELONIA SIMMON, Correctional Officer; GLEN H. WHITFIELD, Assistant Warden; VICKY BARROW, Assistant Program Admin.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-34

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luther Wayne Cobb, Texas prisoner # 1294301, appeals from the district court's dismissal of his civil rights complaint as frivolous and for failure to state a claim. Cobb does not contend that the district court erred by finding that the claims he raised in his 42 U.S.C. § 1983 complaint were without merit. Instead, he principally asserts that the district court erred by dismissing his complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without granting him the chance to amend his complaint with a supplemental memorandum of law.

In general, it is improper for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *cf.* FED. R. CIV. P. 15(a) (noting that plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served). However, any such error may be ameliorated if the plaintiff has pleaded his "best case." *Bazrowx*, 136 F.3d at 1054 & n.7 *(*citing *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986)). Cobb had ample opportunity to set forth the basis for his claims, including, inter alia, in his responses to the district court's questionnaire and his objections to the magistrate judge's (MJ's) reports. Thus, as there is no indication that Cobb had not set forth his best case, any error by the district court in denying him the opportunity to amend his complaint before dismissing it was harmless. *Id.*

The district court also did not erroneously deny Cobb's postjudgment motion to file an amended complaint. "In cases where a party seeks to amend [his] complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (citation and internal quotation marks omitted). Here, despite his prejudgment requests to file a legal memorandum, Cobb did not move before judgment to amend his complaint. Moreover, Cobb's motion to file an amended complaint and the accompanying memorandum merely reiterate facts and arguments from his prejudgment pleadings. Thus, because Cobb's postjudgment motion to amend contains matters that he raised – or reasonably could have raised – before the court's order of dismissal, he has not shown that the district court abused its discretion in denying his motion. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003); *Vielma*, 218 F.3d at 468.

Finally, to the extent that Cobb argues that the district court erred by not finding that he raised adequate grounds in his Federal Rule of Civil Procedure 59(e) motion to justify the filing of a legal memorandum, his claim is unavailing. His Rule 59(e) motion was not premised upon newly discovered evidence, and he did not demonstrate any manifest error of law or fact that called into question the correctness of the court's decision not to permit the requested amendment. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). The district court's order dismissing his Section 1983 complaint does not constitute new evidence enabling the filing of a legal memorandum. Cobb was aware before the order that his prior requests to file a legal memorandum were not granted, and he has not otherwise shown that the court's decision not to allow the filing of a legal memorandum was erroneous.

Cobb also argues that the district court erroneously concluded that he was required to present in a habeas action his claim that he was denied access to the courts. However, the district court at no point suggested that Cobb's access-to-the-courts claim was improper for a Section 1983 proceeding or otherwise ordered Cobb to bring that claim in a habeas action. Instead, the court was addressing Cobb including in his objections to the MJ's supplemental report a detailed analysis of the effectiveness of his trial counsel, the sufficiency of the protections he received under the Sixth Amendment, and the validity of evidence introduced at trial. Because these claims exclusively concern the fact of Cobb's conviction rather than the conditions of his confinement, they more properly would be brought in a habeas action. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). The district court therefore did not err in noting that, to the extent that Cobb sought to incorporate these claims in his objections to the MJ's supplemental report, the claims were proper for Cobb's pending habeas application.

The district court's dismissal counts as a strike against Cobb for purposes of 28 U.S.C. § 1915(a). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir.

3

1996).  Cobb is hereby cautioned that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.