# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10534

ALAN WADE JOHNSON,

United States Court of Appeals
Fifh Circuit

**FILED**

August 25, 2017

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; DARLEEN DREW,
Warden, USP-Atlanta; KEN PAXTON, Attorney General, the State of Texas,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-524

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alan Wade Johnson, federal prisoner # 09541-079, moves for a certificate
of appealability (COA) to appeal the district court's denial of relief, which he
requested in a pleading styled as a 28 U.S.C. § 2254 application. Johnson
challenged the imposition of certain conditions of parole that were imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-10534

when he was placed on parole in connection with Texas convictions. The district court dismissed the § 2254 application as time barred.

Johnson now argues that the district court incorrectly determined that the § 2254 application was time barred. He also asserts that his claims challenged the validity of 1976 convictions for aggravated robbery, aggravated sexual abuse, and aggravated rape rather than conditions of parole. The parole conditions were imposed in 2012 when he was granted parole in connection with a 1994 Texas conviction for aggravated robbery. He contends that these conditions of parole should not have been imposed in connection with his 1976 convictions because the sentences were fully discharged at the time he was placed on parole in 2012.

To obtain a COA, Johnson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court has denied federal habeas relief on procedural grounds, the applicant must demonstrate that reasonable jurists would find it debatable whether the motion states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Johnson has not met this standard.

To the extent that Johnson sought to challenge his 1976 convictions and those sentences were discharged, the district court lacked jurisdiction to consider the § 2254 application because Johnson was not "in custody" for purposes of § 2254. *See* § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401-04 (2001). The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is "in custody" within the meaning of § 2254. *See Sullivan v. Stephens*, 582 F. App'x 375, 375 (5th Cir. 2014). Moreover, to the extent that Johnson argues that his 1976 sentences were

effectively converted to life sentences by the imposition of parole conditions in 2012, he has not made a substantial showing that the district court erred by finding his claim time barred. *See* 28 U.S.C. § 2244(d).

However, to the extent that Johnson sought to challenge the imposition of conditions of parole, the pleading should have been construed as a 42 U.S.C. § 1983 complaint. A challenge to the imposition of conditions of parole sounds under 42 U.S.C. § 1983 rather than as a habeas action. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168-69 (5th Cir. 1994); *see also Jennings v. Owens*, 602 F.3d 652, 654 (5th Cir. 2010).

We construe Johnson's request for a COA as both a request for a COA to appeal the denial of his § 2254 claims and an appeal of the dismissal of any § 1983 claims. The district court failed to address whether Johnson stated cognizable claims under § 1983. *See Serio v. Member of La. State. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Johnson's request for a COA to appeal the dismissal of his § 2254 claims is DENIED. His motion for immediate relief is DENIED. The district court's dismissal of Johnson's claims under § 1983 is VACATED, and the case is REMANDED for the district court to consider whether Johnson has alleged any civil rights claims cognizable under § 1983.