**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-50010**
_____

**JOHN GLENN MOODY,**

**Petitioner,**

**versus**

**VICTOR RODRIGUEZ, Chairman of the Texas Board of Pardons and Paroles;**
**LYNN F. BROWN, Board Member; BENNIE ELMORE, Board Member;**
**JOHN ESCOBEDO,Board Member; GERALD GARRETT, Board Member;**
**JUANITA GONZALEZ, Board Member; DANIEL LANG, Board Member;**
**MARY LEAL, Board Member; THOMAS W. MOSS, Board member;**
**RISSIE OWENS, Board Member; PAUL PREJEAN, Board member;**
**BRENDOLYN ROGERS-JOHNSON, Board Member;**
**TERRI SCHNORRENBERG, Board member; ALVIN A. SHAW, Board member;**
**CHARLES A. SHIPMAN, Board member;CYNTHIA TAUSS, Board member;**
**SANDIE WALKER, Board Member;**
**W.G. WALKER, Board Member,**

**Respondent.**

_____

Appeal from the United States District Court
for the Western District of Texas, Austin
_____

January 5, 1999

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

After his unsuccessful state and federal habeas challenges and after being denied clemency by the Board of Pardons and Paroles, Moody resorted to filing this § 1983 claim against the Board only three hours before his scheduled execution. The

district court granted the defendants' motion for summary judgment, finding that "the Texas clemency procedure provides the minimal procedural safeguards required by federal law." Moody v. Rodriquez, Civ. No. A-99-CA-006 JN, at 2 (W.D. Tex. Jan. 5, 1999).

As this court recently held:

> Federal courts lack jurisdiction to stay executions under § 1983. See 28 U.S.C. §§ 2283, 2251. Prisoner challenges to the result of a single allegedly defective clemency proceeding must be pursued by writ of habeas corpus, not by suits under § 1983. See, Preiser v. Rodriquez, 411 U.S. 475 (1973); see also Buchanan v. Gilmore, 139 F.2d 982, 984 (4th Cir. 1988); Cf. Cook v. Texas Board of Pardons and Paroles, 37 F.3d 166, 168 (5th Cir. 1994).

See Faulder v. Texas Board of Pardons and Paroles, No. 98-51176, at 1-2 (5th Cir. Dec. 10, 1998), execution stayed pending cert. decision, No. 98-7001, 1998 WL 852602, 67 USLW 3390 (U.S.Dec. 10, 1998).

Based on Faulder, we lack jurisdiction to consider Moody's § 1983 action, the only purpose of which is to delay his imminent execution.

If our jurisdictional decision is incorrect, however, we have also considered the arguments advanced against the constitutionality of Texas's clemency procedures and, for the reasons stated by the district court, reject them. See, e.g., Ohio Adult Parole Auth. v. Woodard, 118 S.Ct. 1244 (1998). This decision leaves no basis to grant a stay of execution pending appeal.

2

Accordingly, the motion of the Appellant John Glenn Moody to stay his execution is **DENIED**, and the district court's dismissal with prejudice of the Appellant's claims is **AFFIRMED**.

**Other Matters:**

Within 14 days hereof, counsel for Appellant shall file a statement showing cause, pursuant to Fifth Cir. Loc. Rule 8.10, why he delayed filing this § 1983 case and, more significantly, why he filed no clemency petition on behalf of his client until December 27, 1998, when Texas rules and federal procedure mandated no such delay in filing.  <u>See</u> 37 Tex. Admin. Code § 143.43 (West 1998).