UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50133
_____

BETTY LOU BEETS,

Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDONS
& PAROLES; ET AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
February 24, 2000

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

Before us are a notice of appeal and brief on appeal by death-sentenced petitioner Betty Lou Beets, who seeks review of the district court's refusal to stay her execution presently scheduled for 6:00 p.m. on February 24, 2000. We agree with the district court's determination that it had no authority to stay an execution in a § 1983 case, and we therefore affirm.

Some anomalies in the filings before this court should be noted. First, petitioner has not formally moved for a stay of execution and attempted to support her motion with citation to applicable authority. Because the final clause of the conclusion

of her appeal brief requests a stay, we assume that the technical lacunae are filled. Second, Petitioner has failed to move for IFP status. We grant her the benefit of the doubt on that. Inasmuch as the outcome of petitioner's appeal has been foreshadowed by guiding law in this circuit for the last year, it is not obvious why we should make these concessions. They are appropriate only because of the lateness of the hour.

This court has twice held that federal courts lack jurisdiction under § 1983 to stay executions. <u>Faulder v. Johnson</u>, 178 F.3d 741 (1999); <u>Moody v. Rodriquez</u>, 164 F.3d 893 (5th Cir. 1999). As in the previous two cases, petitioner asserts that the Texas Board of Pardons & Paroles did not properly handle her actual or potential clemency proceedings. She also alleges she is entitled to clemency review under standards applicable to petitioners who were battered spouses. The essence of Beets's petition is a last-minute effort to defeat and delay her execution. Beets concedes, however, that <u>Faulder</u> and <u>Moody</u> are indistinguishable, and this panel is bound by them, absent <u>en banc</u> review of the full court.

For the sake of completeness, we note that her claim of denial of due process is without merit. Inasmuch as the legislative battered-spouse clemency review resolution -- S.C.R. 26 -- <u>excludes</u> perpetrators of capital crimes, she is ineligible. Beets was found guilty of murder with the specific intent of pecuniary gain. The record established that the shooting of her husband was carefully premeditated, as was its concealment, and her

2

actions after his death were consistent with a profitmaking intent. There is no record evidence that she was abused by this victim. On the contrary, at trial, she blamed his death on her son, denied mistreatment by Mr. Beets, and professed her love for him.

That this claim of spousal abuse surfaced six days before her scheduled execution date detracts from Beets's petition. When S.C.R. 26 was passed, nine years ago, Beets was engaged in her first federal habeas proceeding, represented by counsel who are experienced and tenacious. This issue could have been raised before the Pardons & Parole Division of the Texas Department of Criminal Justice, the Texas Board of Pardons & Paroles, and state or federal courts at any time. We question how counsel can aver that they were "unaware" of their alternatives under this resolution until February 4, 2000.

Confronting a similar situation, the Supreme Court held that relief should be denied:

> Equity must take into account the state's strong interest in proceeding with its judgment and [the petitioner's] obvious attempt at manipulation. . . . There is no good reason for this abusive delay, which has been compounded by last-minute attempts to manipulate the judicial process. A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.

Gomez v. United States District Court of the Northern District of California, 503 U.S. 653, 653-54, 112 S.Ct. 1652, 1653 (1993).

The judgment of the district court, which granted the state's motion for summary judgment and denied a stay of execution,

declaratory judgment, temporary restraining order and preliminary injunction, is <u>AFFIRMED</u>.