Willie **RUSSELL**; Sherwood Brown; Kelvin Jordan; John Nixon; Paul Woodward; and Tracy Hansen; on their own behalf and on behalf of those similarly situated, Plaintiffs,

v.

Robert L. **JOHNSON**, Commissioner of the Mississippi Department of Corrections; et al., Defendants.

No. 1:02CV261–D–D.

United States District Court, N.D. Mississippi, Eastern Division.

July 15, 2002.

---

6. *U.S. v. Shepherd*, 23 F.3d 923 (5th Cir.1994).

7. 18 F.3d 315 (5th Cir.1994).

8. 18 F.3d at 317.

9. *Id.*

Sandra Farrell, ACLU of Mississippi, Jackson, MS, Stephen P. Hanlon, Holland & Knight, LLP, Tallahassee, FL, Robert B. McDuff, Jackson, MS, Margaret Winter, Amer. Civ. Liberties Union, Washington, DC, for plaintiffs.

Marvin L. White, Jr., Mississippi Atty. General's Office, Jackson, MS, for defendants.

## OPINION DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO STOP EXECUTION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion for temporary restraining or-

der and for preliminary injunction to postpone the State of Mississippi's planned execution of the Plaintiff Tracy Hansen on July 17, 2002. Upon due consideration, the court finds that the motion should be denied, and the Plaintiff Hansen's claims should be dismissed.

### A. Factual and Procedural Background

The Plaintiff Tracy Hansen was indicted for the crime of capital murder of a law enforcement officer in 1987 by a Harrison County, Mississippi, grand jury for his role in the murder of Mississippi Highway Patrolman Bruce Ladner. Due to pretrial publicity, Hansen won a change of venue to Hinds County, where the case was tried. A jury found Hansen guilty of capital murder and he was sentenced to death on October 30, 1987. The Mississippi Supreme Court affirmed the conviction and sentence on December 18, 1991. *Hansen v. State,* 592 So.2d 114 (Miss.1991). The United States Supreme Court denied Hansen's petition for writ of certiorari on May 18, 1992, and denied his petition for rehearing on June 29, 1992. *Hansen v. Mississippi,* 504 U.S. 921, 112 S.Ct. 1970, 118 L.Ed.2d 570, *reh. denied,* 505 U.S. 1231, 112 S.Ct. 3060, 120 L.Ed.2d 924 (1992).

Hansen then filed an application for post-conviction relief with the Mississippi Supreme Court. The Court denied his application on October 13, 1994, and denied his petition for rehearing on March 9, 1995. *Hansen v. State,* 649 So.2d 1256 (Miss.1994).[1] Thereafter, on November 28, 1995, the United States Supreme Court denied Hansen's petition for writ of certiorari; his petition for rehearing was denied on January 16, 1996. *Hansen v. Mississippi,* 516 U.S. 986, 116 S.Ct. 513, 133 L.Ed.2d 422 (1995), *reh. denied,* 516 U.S. 1085, 116 S.Ct. 801, 133 L.Ed.2d 748 (1996).

Hansen then filed a petition for writ of habeas corpus with the United States District Court for the Southern District of Mississippi. The District Court denied Hansen's petition in an unpublished memorandum opinion and order on August 5, 1999. *Hansen v. Puckett,* No. 1:96CV60-B-R. The United States District Court then denied Hansen's application for a Certificate of Appealability on October 13, 2000. Thereafter, Hansen applied to the United States Court of Appeals for the Fifth Circuit for a Certificate of Appealability. The Fifth Circuit denied Hansen's request on November 6, 2001; his subsequent petition for rehearing and suggestion for rehearing en banc was denied on December 5, 2001. *Hansen v. Armstrong,* 277 F.3d 1372 (5th Cir.2001). Hansen then filed a petition for writ of certiorari with the United States Supreme Court. The Court denied his petition on June 17, 2002. *Hansen v. Sparkman,* —— U.S. ——, 122 S.Ct. 2605, 153 L.Ed.2d 791 (2002). Following that order, the Mississippi Supreme Court entered an order on June 24, 2002, setting Hansen's execution for July 17, 2002.

Thereafter, on June 25, 2002, Hansen filed a second application for post-conviction relief with the Mississippi Supreme Court seeking to have his death sentence set aside. The Mississippi Supreme Court denied the application on July 3, 2002. Hansen then filed a motion for rehearing with the Mississippi Supreme Court on July 10, 2002. That motion remains pending.

---

1. The Mississippi Supreme Court remanded the case to the Circuit Court of Harrison County for modification of sentence to reflect that Hansen would be executed by lethal injection rather than lethal gas. *Hansen,* 649 So.2d at 1258. The Circuit Court of Harrison County modified Hansen's sentence in accordance with the Mississippi Supreme Court's opinion and mandate on May 23, 1995.

On July 12, 2002, Hansen, along with five other Mississippi death row inmates, filed the pending complaint in the case *sub judice*. In their complaint, the Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of their rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Along with their complaint, the Plaintiffs filed a motion for temporary restraining order and preliminary injunction, seeking to temporarily postpone Hansen's July 17, 2002, execution.

### B. Discussion

 In order to grant a request for injunctive relief, the court must apply the standard set forth by the Fifth Circuit in *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). Pursuant to *Canal Authority*, the Plaintiffs in this matter have the burden of demonstrating four specific criteria:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the movants will suffer irreparable injury if the injunction is denied;

(3) that the threatened injury to the movants outweighs any damage that an injunction might cause the respondent; and

(4) that granting the injunction will not disserve the public interest.

*Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995). Preliminary injunctive relief is an extraordinary remedy, not normally available unless the movants clearly carry their burden of proof as to each of the four prerequisites. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985). It is incumbent upon the movants to demonstrate all four factors, and the failure to demonstrate any one of the four is sufficient for the court to deny the issuance of an injunction. *Allied Mktg. Group, Inc. v.*

*CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir.1989). Even if the movants successfully establish each of the four *Canal* prongs, the decision whether to grant or deny a preliminary injunction remains discretionary with the court. *Mississippi Power & Light*, 760 F.2d at 621. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Id.*

### 1. Likelihood of Success on the Merits

The present suit seeks declaratory and injunctive relief for violation of numerous constitutional and statutory rights arising out of the Plaintiffs' individual and collective conditions of confinement. The Plaintiffs' allegations include: (1) idleness and isolation; (2) deprivation of basic sanitation and personal hygiene; (3) lack of adequate shelter from extreme heat, cold, rain, and vermin; (4) sleep deprivation; (5) denial of access to medical, mental health and dental care; (6) improper treatment of severely mentally ill inmates; and (7) denial of a functional administrative remedy program. In their motion for temporary restraining order and preliminary injunction, the Plaintiffs argue that Hansen's impending execution must be postponed because he is a material and irreplaceable witness in this action, and his execution will strip the remaining Plaintiffs of their right to present his testimony in support of their claims.

 The court finds that the Plaintiffs' motion should be denied because the Plaintiffs cannot demonstrate the requisite likelihood of success on the merits of the Plaintiff Tracy Hansen's claims. *See Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir.2001) (holding that preliminary injunction may be denied based solely on movant's failure to demonstrate likelihood of success on the merits of his claims; other

*Canal Authority* factors need not be addressed in such a case).

In order to find that Hansen has demonstrated a substantial likelihood of success on the merits of his claims, the Plaintiffs must first demonstrate that Hansen has a right of action under 42 U.S.C. § 1983. The Fifth Circuit, however, recently foreclosed such relief. In *Martinez v. The Texas Court of Criminal Appeals*, 292 F.3d 417 (5th Cir.2002), *cert. denied*, — U.S. —, 122 S.Ct. 1992, 152 L.Ed.2d 1046 (2002), a group of Texas death row inmates filed a Section 1983 lawsuit alleging that their rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution had been violated. The Plaintiffs in that case sought a temporary restraining order and preliminary injunction preventing the State of Texas from executing them during the pendency of their Section 1983 litigation. *Martinez*, 292 F.3d at 419–20. The Fifth Circuit held that the Plaintiffs' Section 1983 claims were properly construed by the district court as requests for writs of habeas corpus under 28 U.S.C. § 2254. *Id.* at 423. The Fifth Circuit went on to hold that the district court's dismissal of the Plaintiffs' complaint was proper because, pursuant to 28 U.S.C. § 2254, federal district courts lack jurisdiction to consider second or successive habeas petitions unless the Fifth Circuit has granted the Plaintiffs express permission to file such a petition. *Id.*

■ Here, as in *Martinez*, the Plaintiffs' complaint should be construed as a petition for writ of habeas corpus, at least insofar as Tracy Hansen's claims are concerned. The Plaintiffs seek a temporary restraining order and preliminary injunction temporarily postponing Hansen's execution until he gives testimony in the present Section 1983 case; in *Martinez*, the Plaintiffs sought a temporary restraining order and preliminary injunction preventing the State of Texas from executing any of the Plaintiffs until their Section 1983 litigation had run its course. *See Martinez*, 292 F.3d at 419–20. Such requests are the functional equivalent of a request for a stay of execution. *Id.* at 423.

■ It is axiomatic that a petition for a writ of habeas corpus is the exclusive remedy for a prisoner seeking a stay of execution; federal courts lack jurisdiction to stay executions under Section 1983. *Martinez*, 292 F.3d at 423; *Moody v. Rodriguez*, 164 F.3d 893 (5th Cir.1999). Construing the Plaintiffs' request to stay Hansen's execution as a habeas claim, as it must in accordance with *Martinez*, the court finds that it is without jurisdiction to consider Hansen's claims because Hansen has already sought, and been denied, habeas relief through the federal courts; and the Fifth Circuit has not authorized Hansen to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Hansen v. Puckett*, No. 1:96CV60–B–R; *Hansen v. Armstrong*, 277 F.3d 1372 (5th Cir.2001); *Hansen v. Sparkman*, — U.S. —, 122 S.Ct. 2605, 153 L.Ed.2d 791 (2002).

Accordingly, the court finds that the Plaintiffs have not shown a substantial likelihood of success on the merits of Tracy Hansen's claims, and their motion for temporary restraining order and preliminary injunction seeking to stop Hansen's execution is therefore denied. In addition, Hansen's claims under 42 U.S.C. § 1983 are hereby dismissed.

### 2. Equitable Considerations

■ In addition to the grounds set forth above for the denial of the Plaintiffs' motion and the dismissal of Hansen's claims, the court finds that numerous equitable considerations, including the State of Mississippi's strong interest in proceeding with Hansen's execution, weigh against this court exercising its discretion in favor

of temporarily postponing the execution. *See, e.g., Gomez v. United States District Court for the Northern District of California,* 503 U.S. 653, 654, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992). Further, the court finds that the Plaintiffs' argument that Hansen is a crucial witness in this case is without merit. Over sixty prisoners are presently incarcerated on death row in Mississippi, and the Plaintiffs have not established that Hansen's testimony cannot be replaced by other inmates' testimony. In fact, the Plaintiffs state in their complaint that "[t]he claims of the named plaintiffs [including Tracy Hansen] are typical of those of the class." *See* Complaint at 19.

In any event, as has been previously noted, it is well established that "federal courts lack jurisdiction to stay executions under Section 1983." *Moody,* 164 F.3d at 893. Accordingly, the Plaintiffs' motion for temporary restraining order and preliminary injunction seeking to stop the execution of Tracy Hansen shall be denied, and Hansen's claims under 42 U.S.C. § 1983 shall be dismissed.

A separate order in accordance in this opinion shall issue this day.

*ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO STOP EXECUTION*

Pursuant to an opinion issued this day, it is hereby ORDERED that:

(1) the Plaintiffs' motion for temporary restraining order and for preliminary injunction (docket entries 2–1 and 2–2) is DENIED; and

(2) the Plaintiff Tracy Hansen's claims are DISMISSED.

All memoranda, depositions, declarations, and other materials considered by the court in ruling on this motion are hereby incorporated into and made a part of the record in this action.