REVISED AUGUST 19, 2002

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-20861**

_____

**RICHARD WILLIAM KUTZNER,**

**Petitioner-Appellant,**

**versus**

**MONTGOMERY COUNTY, District Attorney's Office; MICHAEL A MCDOUGAL, Montgomery County District Attorney in his official capacity; GUY L WILLIAMS, Montgomery County Sheriff in his official capacity; JOYE M CARTER, M.D., in her official capacity**

**Respondents-Appellees.**

_____

**Appeal from the United States District Court
for the Southern District of Texas, Houston Division**

_____

August 7, 2002

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:

On August 5, 2002, Richard William Kutzner filed a 42 U.S.C. § 1983 action that reiterates his attempt, previously embodied in a successive habeas petition, to overturn his conviction for capital murder by requiring the State to produce biological evidence for DNA testing.[1] The district court dismissed _sua sponte_ pursuant to Fed. R. Civ. P. 12(b)(6), treating Kutzner's complaint as, in

_____

[1] Kutzner was executed on August 7, 2002.

effect, another successive habeas corpus petition.  We affirm the dismissal.

Kutzner's petition asserts various alleged constitutional violations against officials of Montgomery County, Texas, who have refused to release biological evidence introduced at his trial for DNA testing and thereby "prevent[ed] Plaintiff from gaining access to exculpatory evidence which could exclude him as a perpetrator. . . ."

Plainly, the allegations seek to undermine Kutzner's conviction or the consequences flowing therefrom, such as the availability of an executive clemency petition.  Just as plainly, the Supreme Court has held, in <u>Heck v. Humphrey</u>, that no cause of action exists under § 1983 that would "necessarily imply the invalidity of [a plaintiff's] conviction or sentence" unless he proves that the conviction or sentence has already been invalidated.  512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994).  We agree with the analysis of the Fourth Circuit, which recently held, under <u>Heck</u>, that no § 1983 claim exists for injunctive relief to compel DNA testing under materially indistinguishable circumstances.  <u>Harvey v. Horan</u>, 278 F.3d 370, 374-78 (4th Cir. 2002), *pet. for reh'g and reh'g en banc denied*, 285 F.3d 298.

<u>Harvey</u> also explains why Kutzner's claim is cognizable only as a petition for habeas corpus relief, because, since <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973), the Supreme Court has consistently held that habeas corpus is the exclusive means for prisoners to attack the fact or duration of their confinement.

2

<u>Harvey</u>, as stated, analyzed a claim for DNA testing much like this one and drew the obvious conclusion that the proposed remedy is sought "to set the stage for a future attack on [the prisoner's] confinement" – effectively transforming the claim into a petition for a writ of habeas corpus. <u>Harvey</u>, 278 F.3d at 378. Not only is <u>Harvey</u> strongly persuasive, but this Court, too, has recently reiterated that claims seeking to attack the fact or duration of confinement, as well as claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" revocation or modification of confinement, must be brought as habeas corpus petitions and not under § 1983. <u>Martinez v. Texas Court of Criminal Appeals</u>, 292 F.3d 417, 423 (5th Cir. 2002). Under <u>Martinez</u>, a prisoner's request for DNA testing of evidence relevant to his prior conviction is "so intertwined" with the merits of the conviction as to require habeas corpus treatment.

We conclude (like the district court) that Kutzner's § 1983 claims were cognizable only in habeas corpus. We have elected, as we may (for the sake of judicial economy and in the face of serious time constraints), to treat Kutzner's appeal of the district court's judgment as a petition for permission to file a successive habeas petition. <u>Martinez</u>, 292 F.3d at 424.

Because we have separately determined that Kutzner's contemporaneous successive habeas petition raising the same, or substantially similar, claims concerning DNA testing cannot meet the applicable statutory standard, <u>see</u> 28 U.S.C. § 2244(b), we adopt the

3

discussion and resolution of that petition herein.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED, and appellant's alternative request for permission to file a successive petition for a writ of habeas corpus is DENIED.

---

[2] See Kutzner v. Montgomery County, No. 02-20857 (August 7, 2002).

4