IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60124
Summary Calendar

_____

RICKY LIVINGSTON,

Plaintiff-Appellant,

versus

EMMITT L. SPARKMAN,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-7-WS
--------------------
January 29, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricky Livingston, Mississippi prisoner # 32746, moves this
court for permission to proceed in forma pauperis (IFP) to appeal
the district court's dismissal of his 42 U.S.C. § 1983 complaint
for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii). Livingston's argument that he is
constitutionally entitled to a DNA test challenges the "fact or
duration" of his confinement, as his claim would create an
entitlement to immediate release from prison; therefore, his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim must be initially pressed by writ of habeas corpus and is not cognizable in a 42 U.S.C. § 1983 action. See Martinez v. Texas Court of Criminal Appeals, 292 F.3d 417, 423 (5th Cir.) (internal quotations and citation omitted), cert. denied, 122 S. Ct. 1992 (2002), petition for cert. filed, (U.S. May 22, 2002) (No. 01-20309).

Livingston has not established that an appeal would not involve nonfrivolous issues. We therefore deny his motion for IFP status and dismiss the appeal as frivolous in the interest of judicial efficiency. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 220 (1983). Livingston is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463-64 (5th Cir. 1998). We caution Livingston that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.