**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK D. RICE,

      Plaintiff - Appellant,

v.

PRISCILLA HELM, OKC Police
Detective,

      Defendant - Appellee.

No. 03-6226
(D.C. No. 03-CV-252-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Mark D. Rice, an inmate appearing pro se, appeals

from the district court's dismissal of his 42 U.S.C. § 1983 claims under 28 U.S.C.

§ 1915A(b)(1) and § 1915(e)(2)(B)(ii) for failure to state a claim upon which

relief may be granted. The district court counted the dismissal as a prior occasion

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pursuant to 28 U.S.C. § 1915(g).  The parties are familiar with the facts and we will not repeat them herein.  The district court correctly held that (1) this successive § 1983 action cannot be used as a discovery tool for a collateral attack on Mr. Rice's convictions, and (2) the official capacity claim against the individual defendant fails to allege a constitutional violation caused by a custom or policy of the municipality.  See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254); Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002) (§ 1983 action may not be used for discovery when remedy lies with § 2254); Collins v. City of Harker Heights, 503 U.S. 115, 120-22 (1992) (constitutional violation must be product of official custom or policy to hold municipality liable).  We affirm for substantially the reasons relied upon by the district court.  R. Doc. 14.

AFFIRMED.  The motion to proceed in forma pauperis is DENIED and immediate payment of the unpaid balance of the appellate filing fee is due.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge