United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-21173
_____

BOBBY LEE HINES, BILLY FRANK VICKERS,
and KEVIN LEE ZIMMERMAN,

Plaintiffs-Appellants

v.

GARY JOHNSON ET AL,

Defendants-Appellees

----------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-03-5594)
--------------------

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, all death row inmates facing imminent execution, appeal from the district court's denial of their 42 U.S.C. § 1983 action seeking a permanent injunction to bar the use of lethal injection as currently constituted. Our review of their filings and the order of the district court denying their claims convinces us that the district court ruled correctly.

This matter poses both procedural and substantive questions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We are keenly aware that the Supreme Court has under consideration the procedural question whether § 1983 is available as a vehicle for mounting attacks such as this; but until a different rule is announced, we continue to follow the procedure described by the district court.  See, e.g., Gomez v. United States District Court for the Northern District of California, 503 U.S. 653 (1992); Martinez v. Texas Court of Criminal Appeals, 292 F.3d 417 (5th Cir. 2002), cert. denied, 535 U.S. 1091 (2002).  Substantively, Plaintiffs-Appellants have submitted evidence that appears to be facially stronger than that which has supported prior complaints of this nature; but we are not in a posture to deal further with it under our present precedent.

For essentially the same reasons as expressed by the district court in its Order of December 8, 2003, we affirm that ruling and dismiss the Plaintiffs-Appellants' appeal.

DISMISSED.