**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-70047

_____

GREGORY LYNN SUMMERS,

Plaintiff-Appellant,

versus

JAMES EIDSON,
Taylor County District Attorney,

BRUCE ISAACKS,
Denton County Criminal District Attorney,

GEORGETTE ODEN,
Assistant Attorney General,

JAMES FRAZIER, Texas Department of Criminal Justice,

RISSIE OWENS,
Presiding Officer, Texas Board of Pardons and Parole,

BRAD LIVINGSTON,
Executive Director, Texas Department of Criminal Justice,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:06-CV-3362)

_____

Before JONES, Chief Judge, and BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Gregory Lynn Summers ("Summers"), a death-sentenced prisoner, appeals the

district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint seeking "a declaratory

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

judgment that Defendants must disclose the *Brady* evidence they currently refuse to release and to compel release of that evidence" or, in the alternative, "an injunction from this Court preventing Defendants from depriving Summers of his life without due process of law." Summers also moves this court to enjoin defendants from executing Summers prior to resolution of his § 1983 suit. The district court's dismissal of Summers's § 1983 complaint is AFFIRMED and the motion to enjoin is DENIED AS MOOT.

## I. FACTS AND PROCEEDINGS

Summers was convicted of capital murder and sentenced to death in August 1991. Summers has failed to gain relief through direct appeal as well as state and federal habeas corpus proceedings. Summers's execution is set for 6:00 p.m. today, October 25, 2006. Summers previously filed a separate § 1983 action in state court that was removed to federal court in the Western District of Texas. This afternoon this court affirmed the dismissal of that action. This morning Summers filed the instant § 1983 action in federal court in the Southern District of Texas seeking a declaratory judgment or, in the alternative, an injunction. The district court dismissed this complaint *sua sponte*. Summers appealed.

## II. STANDARD OF REVIEW

This court reviews a district court's *sua sponte* decision to dismiss a complaint de novo. *White v. Johnson*, 429 F.3d 572, 573 (5th Cir. 2005).

## III. DISCUSSION

"[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is challenging the very fact or

duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

If, however, "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254," this court may consider a § 1983 claim relating to the conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Use of § 1983 to challenge a conviction outside of these circumstances, which are not present here, is prohibited to the extent that a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486–87. This rule applies to injunctive as well as monetary relief. *See Kutzner v. Montgomery County*, 303 F.3d 339, 340–41 (5th Cir. 2002).

Summers argues that the relief sought, namely that this court require that William Spaulding's parole records be turned over to Summers, would not necessarily imply the invalidity of his conviction or sentence because a habeas court would then have to determine whether the failure to disclose these records constituted a *Brady* violation and therefore whether or not to overturn his conviction. *Kutzner*, however, forecloses this argument. 303 F.3d at 340–41.

In *Kutzner*, a death-sentenced state prisoner sought to compel "the State to produce biological evidence for DNA testing." *Id.* at 340. Kutzner argued that the officials "refused to release biological evidence introduced at his trial for DNA testing and thereby 'prevented Plaintiff from gaining access to exculpatory evidence which could exclude him as a perpetrator.'" *Id.* (brackets omitted). This court held that "[p]lainly, the allegations seek to undermine Kutzner's

conviction or the consequences flowing therefrom, such as the availability of an executive clemency petition." *Id.* The court therefore held that the complaint was not a valid use of § 1983 because "claims seeking to attack the fact or duration of confinement, as well as claims which are 'so intertwined' with attacks on confinement that their success would 'necessarily imply' revocation or modification of confinement, must be brought as habeas petitions and not under § 1983." *Id.* at 341.[1]

Summers's argument, that the injunction sought would not necessarily imply the invalidity of his conviction or sentence because the withholding of the documents he seeks might not constitute a *Brady* violation could just as well be applied to the facts in *Kutzner*.

## IV. CONCLUSION

For the reasons stated above, the district court's *sua sponte* dismissal of Summers's § 1983 complaint is AFFIRMED. The motion to enjoin the defendants from executing Summers prior to resolution of his § 1983 suit is DENIED AS MOOT.

---

[1]Summers argues that reliance on "*Kutzner* is also misplaced" because *Kutzner* relied on *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417 (5th Cir. 2002). Summers argues that "in the wake of *Nelson v. Campbell*, 541 U.S. 637 (2004) . . . *Martinez* is no longer good law." This is not correct. While *Nelson* did abrogate *Martinez* to the extent that *Martinez* held that § 1983 claims categorically could not be used to challenge the method of lethal injection, it did not overrule the case in its entirety or the portion relied on by this court in *Kutzner*. *See Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004) (stating that the Fifth Circuit "interpreted [*Nelson*] as overturning *Martinez*'s categorical bar on § 1983 method-of execution suits").