**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10083
Summary Calendar

RUSSELL JAY REGER

Petitioner-Appellant

v.

JAMES K WALKER; OUIDA STEVENS; HONORABLE ROGER JEFFREY
WALKER; HONORABLE CLYDE R ASHWORTH; HONORABLE KELLY G
MOORE; ANTHONY G BROCATO; TARRANT COUNTY TEXAS

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-MC-33

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Russell Jay Reger, Texas prisoner # 747783, appeals the denial of his FED.
R. CIV. P. 27 petition to perpetuate testimony so that he may challenge the
legality of his murder conviction. We review the denial of that petition for an
abuse of discretion. *Petition of Price*, 723 F.2d 1193, 1194 (5th Cir. 1983).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

At the time Reger filed his petition, Rule 27 provided in pertinent part that the petition must "show. . . that the petitioner expects to be a party to an action cognizable in a court of the United States." FED. R. CIV. P. 27 (2007). Rule 27 necessarily requires that the anticipated action be cognizable only in a federal court. *See Dresser Indus. Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979). Reger, however, has not made the required showing.

Reger contends that his trial judge was unqualified to preside over his murder trial because the judge had not yet taken the oath of office, thereby rendering Reger's judgment of conviction invalid. Reger contends that this claim raises federal constitutional issues and is cognizable on 28 U.S.C. § 2254 and 42 U.S.C. § 1983 review. Reger, who has already unsuccessfully sought § 2254 relief, concedes that he has not exhausted this claim in state court. Consequently, should he try to raise that claim in a second § 2254 proceeding, it would either be held procedurally barred, *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), or dismissed as successive. *See* 28 U.S.C. § 2244(b)(2)(A), (B), (b)(3)(A). His claim, whether for damages, declaratory judgment, or injunctive relief, is similarly not cognizable in a § 1983 action because it implies the invalidity of his conviction, and he has not shown his conviction to have been overturned or otherwise declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002).

AFFIRMED.