REVISED March 19, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-10144
Summary Calendar

JASON KYLE RICHARDS

Plaintiff-Appellant

v.

DISTRICT ATTORNEY'S OFFICE, for the 266th Judicial District Court; JOHN TERRILL, District Attorney of Erath County, 266th Judicial District Court, in his individual and official capacity; TOMMY BRYANT, Sheriff of Erath County, in his individual and official capacity; DUBLIN POLICE DEPARTMENT; CHRIS BAKER, Sargent of The Dublin Police Department, in his individual and official capacity; JOHN/JANE DOE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-468

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jason Kyle Richards, Texas prisoner # 1037098, appeals the district court's dismissal of his pro se, in forma pauperis (IFP) civil rights complaint under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). We review de novo the district court's dismissal. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Through the vehicle of 28 U.S.C. § 1983, Richards sought DNA evidence related to his conviction and 20-year sentence for second degree aggravated sexual assault. The district court determined that Richards's claims were barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002), the latter of which held that a petition for habeas corpus relief under 28 U.S.C. § 2254—not § 1983—is the procedural mechanism by which claims that "necessarily imply the invalidity of [a plaintiff's] conviction or sentence" must be brought. Kutzner, 303 F.3d at 340–41 (quoting Heck, 512 U.S. at 486–87) (alteration in original).

We need not resolve whether Kutzner remains good law or Heck bars Richards's § 1983 claim for access to DNA evidence because, whether his claims sound in habeas or § 1983, Richards cannot establish the deprivation of a constitutional right. There is no freestanding federal constitutional right to post-conviction access to DNA evidence for testing. Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2323 (2009). Moreover, for purposes of a procedural due process claim, Richards has not demonstrated the facial inadequacy of Texas's procedures for post-conviction DNA access, and, never having invoked the state process available to him, he cannot sustain an as-applied challenge. Id. at 2321. Accordingly, Richards's appeal is DISMISSED.