United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10428
Summary Calendar

KARSTEN GRANT KENNEDY,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS PARDONS AND PAROLES;
GERALD GARRETT, Chairman,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-291-C
--------------------

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

    Karsten Grant Kennedy, Texas prisoner # 1036345, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint on
immunity grounds, pursuant to 28 U.S.C. § 1915(e) and 42 U.S.C.
§ 1997e.  Kennedy had argued that he was improperly denied
release on mandatory supervision, and the district court had
concluded that the Texas Board of Pardons and Paroles (the Board)
was entitled to sovereign immunity and that Gerald Garrett, the
Board chairman, was entitled to absolute immunity.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kennedy does not challenge the district court's conclusion that his damage claims against the Board are barred by the Eleventh Amendment. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). He instead asserts that his claims for declaratory and injunctive relief are preserved. Even if these claims survive sovereign immunity, Kennedy is not entitled to relief. See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). Because Kennedy's requested relief is immediate release to mandatory supervision, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 499 (1973); see also Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).

Kennedy also contends that Garrett was not protected by absolute immunity because he did not participate personally in the decision to deny his release. He contends that Garrett failed to adopt policies to protect prisoners' rights during the review process. Any claims for injunctive relief are barred because Kennedy's sole remedy for immediate release is habeas. Preiser, 411 U.S. at 499. Kennedy's claims for damages against Garrett are unavailing, as he has not shown that the decision of the Board has been overturned or invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Kennedy has not established that the district court erred in dismissing his complaint. See Aguilar v. Texas Dep't of Criminal

Justice, 160 F.3d 1052, 1053-54 (5th Cir. 1998).  The judgment of the district court is therefore AFFIRMED.