**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10428
Summary Calendar

KARSTEN GRANT KENNEDY,

Plaintiff-Appellant,

versus

STATE OF TEXAS PARDONS AND PAROLES;
GERALD GARRETT, Chairman,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-291-C
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed on alternate grounds the dismissal of a

42 U.S.C. § 1983 lawsuit filed by Karsten Grant Kennedy, Texas

prisoner # 1036345.  Kennedy v. Texas Pardons and Paroles, 111

Fed. Appx. 219 (5th Cir. Aug. 18, 2004)(No. 04-10428)(per

curiam).  The Supreme Court vacated and remanded for further

consideration in light of Wilkinson v. Dotson, 125 S. Ct. 1242

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005).  Kennedy v. Texas Board of Pardons and Paroles, 125 S. Ct. 1637 (2005).

In Wilkinson, the Supreme Court repeated its long-held conclusion that prisoners must challenge parole proceedings in habeas if "they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."  125 S. Ct. at 1247.  In the instant case, Kennedy requested that the courts "force compliance of release, through injunctive relief, as well as declaratory relief."  Because Kennedy is requesting immediate or speedier release to mandatory supervision, his claims are properly presented in habeas.  See Wilkinson, 125 S. Ct. at 1247; see also Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't, 37 F.3d 166, 169 (5th Cir. 1994).  The judgment of the district court dismissing Kennedy's 42 U.S.C. § 1983 action is AFFIRMED.