United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2007**

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-11255
Summary Calendar

JOHNNY ALISON GRANT,

Plaintiff-Appellant,

versus

DR WYATT AUSTIN HOWELL, Medical Doctor, Price Daniel Unit; IRENE
CANALES, RN/PHSA, Price Daniel Unit; ANDY R MASSINGILL, Warden I,
Price Daniel Unit; WILLIAM F GRAY, Assistant Warden, Price Daniel Unit,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnny Allison Grant, Texas prisoner # 1294325, appeals the dismissal of
his 42 U.S.C. § 1983 complaint as frivolous. Grant argues that (1) the
magistrate judge abused her discretion in denying his discovery request; (2) the
magistrate judge abused her discretion in dismissing his complaint as frivolous
after he paid the filing fee; (3) the defendants were deliberately indifferent to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

medical condition; and (4) he was falsely convicted in disciplinary proceedings of refusing to work. We affirm.

We reject Grant's contention that the magistrate judge abused her discretion in refusing to grant his discovery request to obtain additional medical records. Grant has not shown how additional discovery would have produced further evidence to establish that his complaint was not frivolous. Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1441 (5th Cir. 1993).

We additionally reject Grant's claim that his payment of the filing fee precluded a dismissal of his complaint as frivolous. When Congress enacted the Prison Litigation Reform Act of 1996, it specifically amended 28 U.S.C. § 1915(e)(2)(B)(i) to provide that a complaint filed by a prisoner could be dismissed as frivolous "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." Therefore, Grant's claims were subject to review under § 1915(e) and dismissal as frivolous regardless whether he paid the filing fee.

We hold that Grant has failed to make the required showing of deliberate indifference to his medical needs. He has failed to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation and citation omitted). Similarly, the record is devoid of evidence to support his allegation that he was required to perform work that significantly aggravated a serious medical condition. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001). The dismissal of these claims as frivolous was not an abuse of discretion. E.g., Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

Grant's retaliation claim against Dr. Wyatt Howell is based on Grant's own personal beliefs and conclusional assertions, which are insufficient to raise

a viable retaliation claim. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Finally, Grant's disciplinary conviction claims are dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002).

The magistrate judge's dismissal of the § 1983 complaint counts as a strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Grant is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.